IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. TODD,                        )
Y64605,                               )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )            Case No. 24-cv-2682-DWD
                                      )
LIEUTENANT KEIRSTON,                  )
CORPORAL SIMMONS,                     )
JACKSON COUNTY JAIL,                  )
JACKSON CNTY. SHERIFF'S DEPT.,        )
                                      )
                    Defendants.       )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Todd, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was housed at the Jackson County Jail (the Jail).  (Doc. 1).  Plaintiff alleges that the Defendants physically battered him without cause and that he sustained serious injuries.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges he fell off of his top bunk at the Jail, but Defendant Corporal Simmons accused him of staging the fall so he placed him on suicide watch.  (Doc. 1 at 6).  He alleges that while he was handcuffed and on suicide watch, Simmons gratuitously punched him in the face multiple times, causing severe swelling and damage to the vision in his left eye.  Later, four unidentified guards rushed into the cell and cuffed him again. While he was face down on the ground, restrained by handcuffs, Defendant Keirston directed the officers to taze him and Keirston then "jumped" on Plaintiff with his knee breaking ribs.  He alleges this blow caused him to defecate on himself.  Keirston also applied extreme pressure behind Plaintiff's ear, which he claims permanently damaged his hearing.  Plaintiff alleges that after the second assault he was strapped to a "crazy" chair without being able to clean up from soiling himself. He claims that while seated in the chair he lost consciousness twice due to the pain, and that the stress of being strapped in the chair exacerbated his depression.  He seeks compensation for his physical and mental injuries.

Based on the allegations in the Complaint, the Court will designate the following claim:

**Claim 1:**    **Eighth or Fourteenth Amendment excessive force claim against Defendants Simmons and Keirston for the alleged physical acts done against Plaintiff while he was restrained.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissals

Plaintiff named the Jackson County Jail as a Defendant, but the jail itself is not a person subject to suit under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The county jail is not considered a suable entity under Illinois law. *See* FED. R. CIV. P. 17(b); *Isaacs v. St. Clair Cnty. Jail*, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Plaintiff also named the Jackson County Sheriff's Department, which is a government entity that may be subject to liability if he had alleged that they maintained a policy, custom, or practice that caused him harm, but he made no such allegations. The mere naming of the Department in the case caption without any further details is insufficient. Thus, both of these defendants are dismissed without prejudice for failure to state a claim.

## Analysis

As for Plaintiff's allegations against Defendants Keirston and Simmons, he did not indicate in his complaint if he was a pretrial detainee or a convicted individual at the time these events occurred. In fact, he did not give a date at all, but the Court will assume for now that these events occurred within the last two years and are not barred by the statute

of limitations.  Plaintiff's status as a pretrial detainee or convicted individual matters only in so much as that status will define the applicable standard of review for Plaintiff's claim later in this litigation.  If he was a pretrial detainee, both claims are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of detainees.  *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (articulating applicable standard for pretrial detainee's excessive force claim).  To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable" based on "the totality of the facts and circumstances faced by the individual."  *Kingsley*, 576 U.S. at 392-93.  By contrast, if he was a convicted individual his claims are subject to the Eighth Amendment excessive force standard which requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.'  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  At present, Plaintiff's allegations are sufficient to survive initial review under either standard.  Therefore, he may proceed on Claim 1 against Defendants Simmons and Keirston.

## Motion for Recruitment of Counsel

Plaintiff has moved for recruited counsel, explaining that he is a high school graduate, but cannot afford counsel.  (Doc. 3).  There is  no right to the appointment of

counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not provided proof of his own efforts to get counsel, which is a mandatory prerequisite to the second inquiry about his abilities and the complexity of this case. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted). His Motion must be denied, and if he wishes to renew it, he must include proof of his own efforts to retain at least three attorneys. Plaintiff must also include an explanation of why he believes he needs the assistance of counsel, with a specific focus on tasks in this case that are causing him difficulty.

## <u>Disposition</u>

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Simmons and Keirston. By contrast, the Complaint is insufficient to state a claim against Defendants Jackson County Jail and Jackson County Sheriff's Department and the Clerk is **DIRECTED** to **TERMINATE** these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendants Corporal Simmons and Lieutenant Keirston: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign

and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: March 3, 2025                    /s *David W. Dugan*

                                        _____
                                        DAVID W. DUGAN
                                        United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.