**LEGAL MAIL**



IFMK LAW LTD.
650 DUNDEE ROAD, FOURTH FLOOR
NORTHBROOK, ILLINOIS 60062
PHONE (847) 291-0200

First Class Mail

James L. Todd, Y64605

RETURN TO SENDER
☒ Paroled
☐ Discharged
☐ Not at LAW

**LEGAL MAIL**

```
NIXIE        530    4C 18CU      2206/04/25
          RETURN TO SENDER
     NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD
```

US POSTAGE PITNEY BOWES
ZIP 60062
02 7H
0006129826   $ 001.77⁰
MAY 07 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. TODD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 3:2024-cv-2682-DWD |
| KEIRSTON et. al. | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Lieutenant Lee Kersten[1] and Corporal Walter Simmons, by and through their attorney, Bhairav Radia, hereby jointly submit the following answer and affirmative defenses to Plaintiff's complaint [Doc. 1; Doc. 10], in accordance with the Court's Local Rule 8.2(b):

**Claim 1:** Eighth or Fourteenth Amendment excessive force claim against Defendants Simmons and Keirston for alleged physical acts done against Plaintiff while he was restrained.

**ANSWER: Defendants Kersten and Simmons assert Plaintiff was a pre-trial detainee during his detention in the Jackson County Jail from about 3/8/24 to 7/26/24, and therefore the Fourteenth Amendment applies to his claim against Defendants.**

**Defendants deny Plaintiff's allegation that he "fell off" his top bunk at the Jail, and assert that Plaintiff jumped off his top bunk on purpose. Defendants deny that Defendant Simmons accused him of staging the fall, and assert that Plaintiff told Simmons that he jumped off his top bunk on purpose. Defendants deny that while Plaintiff was handcuffed and on suicide watch, Simmons punched him in the face at any time or caused any of the injuries Plaintiff alleges. Defendants admit that Simmons placed Plaintiff on suicide watch.**

---

[1] Kersten is misspelled as Keirston in Complaint

1

**Defendants deny that while Plaintiff was face down on the ground, restrained by handcuffs, Defendant Kersten directed the officers to taze Plaintiff. Defendants deny that Kersten then "jumped" on Plaintiff with his knee and broke his ribs. Defendants deny that Kersten applied such extreme pressure behind Plaintiff's ear that it permanently damaged Plaintiff's hearing. Defendants deny that they assaulted Plaintiff. Defendants admit that after the second incident, Plaintiff was placed in a restraint chair. Defendants deny that Defendant Simmons had any personal involvement in the second incident alleged by Plaintiff.**

**Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations summarized in the Merit Review Order, p. 2.**

**Defendants deny using excessive or unreasonable force on Plaintiff at any time. Defendants deny that any of their physical acts were unlawful. Defendants deny that they violated Plaintiff's Eighth or Fourteenth Amendment rights. Defendants thus deny that they caused any physical or emotional injuries to Plaintiff. Defendants deny that Plaintiff is entitled to any of the relief he seeks in this lawsuit.**

## AFFIRMATIVE DEFENSES

At all times relevant to Plaintiff's complaint, Defendants Lee Kersten and Walter Simmons were employees of the Jackson County Sheriff's Office, working as jail supervisors in the Jackson County Jail. As such, Defendants Kersten and Simmons performed discretionary functions. At all times material to the allegations in Plaintiff's complaint, a reasonable jail supervisor objectively viewing the facts and circumstances that Defendants faced, could have believed his actions to be lawful in light of clearly established law and the information he possessed.  In other words, Defendants did not knowingly violate clearly established

2

constitutional rights of which a reasonable person would have known.  Thus, Defendants Kersten and Simmons are entitled to qualified immunity as a matter of law on Plaintiff's Eighth or Fourteenth Amendment claim brought against them in their individual capacities.

### JURY DEMAND

Defendants request a jury trial.

Accordingly, Defendants Lieutenant Lee Kersten and Corporal Walter Simmons request the Court to deny Plaintiff the relief he seeks in this lawsuit, and enter judgment and award costs in Defendants' favor if they prevail on the merits in this lawsuit.

Respectfully submitted,

**LEE KERSTEN and WALTER SIMMONS,**

/s/ *Bhairav Radia*
Bhairav Radia, ARDC #6293600
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
E-mail: bradia@ifmklaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:2024-cv-2682-DWD |
| ) | |
| KEIRSTON et. al. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I certify that on May 7, 2025, I caused the foregoing, ***Defendants' Answer to Plaintiff's Complaint*** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following registered participant(s):

None

And I hereby further certify that on the same date, I caused a copy to be mailed by U.S. postal service by having same placed in a sealed envelope with proper postage in the U.S. Mail receptacle located at 650 Dundee Road, Northbrook, Illinois, and addressed to the following:

**James L. Todd, #Y64605**
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466
PRO SE

By:  *s/Bhairav Radia*
Bhairav Radia #6293600




LEGAL MAIL

First Class Mail



IFMK LAW LTD.
650 DUNDEE ROAD, FOURTH FLOOR
NORTHBROOK, ILLINOIS 60062
PHONE (847) 291-0200

James L. Todd, #Y64605

RETURN TO SENDER
__X__ Paroled
_____ Discharged
_____ Not at LAW



LEGAL MAIL

NIXIE        536    CC 18CU       2206/04/25
           RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
           UNABLE TO FORWARD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. TODD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:2024-cv-2682-DWD |
| KEIRSTON et. al. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Lieutenant Lee Kersten[1] and Corporal Walter Simmons, by and through their attorney, Bhairav Radia, hereby jointly submit the following amended answer and affirmative defenses to Plaintiff's complaint [Doc. 1; Doc. 10], in accordance with the Court's Local Rule 8.2(b):

**Claim 1:** Eighth or Fourteenth Amendment excessive force claim against Defendants Simmons and Keirston for alleged physical acts done against Plaintiff while he was restrained.

**ANSWER: Defendants Kersten and Simmons assert Plaintiff was a pre-trial detainee during his detention in the Jackson County Jail from about 3/8/24 to 7/26/24, and therefore the Fourteenth Amendment applies to his claim against Defendants.**

**Defendants deny that Defendant Kersten had any personal involvement in the first incident Plaintiff complains about. Defendant Simmons denies Plaintiff's allegation that Plaintiff "fell off" his top bunk at the Jail, and asserts, on information and belief, that Plaintiff intentionally jumped off his top bunk. Defendant Simmons denies that he accused Plaintiff of staging the fall, and asserts that Plaintiff told Simmons that he jumped off his top**

---

[1] Kersten is misspelled as Keirston in Complaint

1

bunk on purpose. Defendant Simmons denies that while Plaintiff was handcuffed and on suicide watch, Simmons punched him in the face at any time or caused any of the injuries Plaintiff alleges. Defendant Simmons admits that he placed Plaintiff on suicide watch.

Defendants deny that Defendant Simmons had any personal involvement in the second incident Plaintiff complains about. Defendant Kersten denies that while Plaintiff was face down on the ground, restrained by handcuffs, Kersten directed the officers to taze Plaintiff. Defendant Kersten denies that he then "jumped" on Plaintiff with his knee and broke Plaintiff's ribs. Defendant Kersten denies placing his knees on any part of Plaintiff's body. Defendant Kersten admits he applied pressure on Plaintiff's mandibular to gain control over Plaintiff to prevent Plaintiff from harming himself or others. Defendant Kersten denies that his actions permanently damaged Plaintiff's hearing. Defendant Kersten admits that after the second incident, Plaintiff was placed in a restraint chair.

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations summarized in the Merit Review Order, p. 2.

Defendants Kersten and Simmons deny using excessive or unreasonable force on Plaintiff at any time. Defendants deny that any of their physical acts were unlawful. Defendants deny that they violated Plaintiff's Eighth or Fourteenth Amendment rights. Defendants thus deny that they caused any physical or emotional injuries to Plaintiff. Defendants deny that Plaintiff is entitled to any of the relief he seeks in this lawsuit.

**AFFIRMATIVE DEFENSES**

1. At all times relevant to Plaintiff's complaint, Defendants Lee Kersten and Walter Simmons were employees of the Jackson County Sheriff's Office, working as jail supervisors in the Jackson County Jail. As such, Defendants Kersten and Simmons performed discretionary

functions. At all times material to the allegations in Plaintiff's complaint, a reasonable jail supervisor objectively viewing the facts and circumstances that Defendants faced, could have believed his actions to be lawful in light of clearly established law and the information he possessed. In other words, Defendants did not knowingly violate clearly established constitutional rights of which a reasonable person would have known. Thus, Defendants Kersten and Simmons are entitled to qualified immunity as a matter of law on Plaintiff's Eighth or Fourteenth Amendment claim brought against them in their individual capacities.

2. Plaintiff failed to properly exhaust the administrative remedies available to him through the grievance procedure at the Jackson County Jail before filing this suit. Specifically, Plaintiff failed to use or exhaust the grievance procedure pertaining to his claim of alleged excessive force by Defendant Simmons. For this reason, his Eighth Amendment or Fourteenth Amendment claim against Defendant Simmons is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## JURY DEMAND

Defendants request a jury trial.

Accordingly, Defendants Lieutenant Lee Kersten and Corporal Walter Simmons request the Court to deny Plaintiff the relief he seeks in this lawsuit, and enter judgment and award costs in Defendants' favor if they prevail on the merits in this lawsuit.

Respectfully submitted,

**LEE KERSTEN and WALTER SIMMONS,**

/s/ *Bhairav Radia*
Bhairav Radia, ARDC #6293600
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062

Telephone: (847) 291-0200
E-mail: bradia@ifmklaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:2024-cv-2682-DWD |
| ) | |
| KEIRSTON et. al. ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

  I certify that on May 7, 2025, I caused the foregoing, ***Defendants' Amended Answer to Plaintiff's Complaint*** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following registered participant(s):

  None

  And I hereby further certify that on the same date, I caused a copy to be mailed by U.S. postal service by having same placed in a sealed envelope with proper postage in the U.S. Mail receptacle located at 650 Dundee Road, Northbrook, Illinois, and addressed to the following:

  **James L. Todd, #Y64605**
  Lawrence Correctional Center
  10930 Lawrence Road
  Sumner, IL 62466
  PRO SE

                By: *s/Bhairav Radia*
                   Bhairav Radia #6293600